Eustache v Board of Educ. of the City Sch. Dist. of the City of New York (2025 NY Slip Op 01866)

Eustache v Board of Educ. of the City Sch. Dist. of the City of New York

2025 NY Slip Op 01866

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 153619/19|Appeal No. 3992|Case No. 2024-00229|

[*1]Jeffrey Eustache, Plaintiff-Respondent,
v
Board of Education of the City School District of the City of New York Also Known as The New York City Department of Education, Defendant-Respondent, Sharon Lafia, Defendant-Appellant.

The Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for appellant.
Goddard Law PLLC, New York (Clela A. Errington of counsel), for Jeffrey Eustache, respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered November 15, 2023, which, to the extent appealed from as limited by the briefs, denied defendant Sharon LaFia's motion under CPLR 3211 and 3212 to dismiss plaintiff's retaliation cause of action, unanimously affirmed, without costs.
LaFia's motion for summary judgment was properly denied as premature because it was made "before issue had been joined by service of an answer" (Adago v Sy, 216 AD3d 402, 402-403 [1st Dept 2023]; see CPLR 3212[a]). Nor is this "a case where both sides deliberately [laid] bare their proof and [made] clear that they were charting a summary judgment course pursuant to CPLR 3211(c)" thus permitting the court to treat LaFia's pre-answer motion to dismiss as one for summary judgment (Adago, 216 AD3d at 402). Indeed, plaintiff opposed the motion by asserting that at this early stage in discovery he did not have the documents necessary to oppose the motion.
To the extent LaFia sought dismissal under CPLR 3211(a), Supreme Court properly denied the motion as barred by the single motion rule, which "permits a party to move only once upon one or more of the grounds enumerated under CPLR 3211(a)" (TRB Acquisitions LLC v Yedid, 225 AD3d 508, 508 [1st Dept 2024]; see CPLR 3211[e]). LaFia's arguments about the sufficiency of the allegations were already raised in her prior motion to dismiss and were rejected by the court (Eustache v Board of Educ. of the City Sch. Dist. of the City of N.Y., 2023 NY Slip Op 30606 [U], *7 [Sup Ct, NY County, March 1, 2023]).
Nor is LaFia entitled to a successive motion to dismiss under the November 10, 2020 amendments to the anti-SLAPP law (Civil Rights Law § 76-a; CPLR 3211[g]) because this action was commenced in 2019 and "the anti-SLAPP law does not have retroactive application" (Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 19 [1st Dept 2024]). Although the statute's separate provision creating a counterclaim for damages and attorneys' fees under § 70-a applies prospectively to cases commenced or continued after the effective date, the amended definition of an "action involving public petition and participation" does not apply retroactively to motions to dismiss filed in actions commenced prior to the amendments' effective date (see Reeves, 232 AD3d at 19; VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 89-90 [2d Dept 2024];
Burton v Porcelain, 223 AD3d 775, 777 [2d Dept 2024]).
We have considered LaFia's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025